**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Scott Meyers and Catherine Meyers, Appellants,

v.

Jane Doe, John Doe, and SCDSS, Defendants,

Of whom SCDSS is the Respondent.

In the interest of a minor under the age eighteen.

Appellate Case No. 2021-000747

———————

Appeal From Georgetown County
Jan B. Bromell Holmes, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-141
Submitted March 10, 2022 – Filed March 17, 2022

———————

**AFFIRMED**

———————

Brana J. Williams, of Williams Law Firm, LLC, of
Surfside Beach; and Ryan A. Stampfle, of Indigo Family
Law, LLC, of Surfside Beach, both for Appellant.

Celeste Moore, of South Carolina Department of Social
Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Scott and Catherine Meyers appeal the family court's order dismissing their petition to adopt their niece (Child). On appeal, they argue the family court erred in finding the Interstate Compact on the Placement of Children (ICPC)[1] applied to the action because they are related to Child. Because we hold the ICPC applies and statutorily bars the Meyerses from adopting Child, we affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities: *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (stating that on appeal from the family court, this court reviews factual and legal issues de novo); S.C. Code Ann. § 63-9-60(B)(3) (Supp. 2021) (requiring compliance with the ICPC "[b]efore a child is placed within or outside the boundaries of this State for adoption with nonresidents of this State"); § 63-9-2200(3)(a) ("No sending agency shall send, bring, or cause to be sent or brought into any other party state any child for placement in foster care or as a preliminary to a possible adoption unless the sending agency shall comply with each and every requirement set forth in this subsection and with the applicable laws of the receiving state governing the placement of children therein."); § 63-9-2200(3)(d) ("The child shall not be sent, brought, or caused to be sent or brought into the receiving state until the appropriate public authorities in the receiving state shall notify the sending agency, in writing, to the effect that the proposed placement does not appear to be contrary to the interests of the child."); § 63-9-2200(8)(a) ("This compact shall not apply to . . . the sending or bringing of a child into a receiving state by his parent, stepparent, grandparent, adult brother or sister, adult uncle or aunt, or his guardian and leaving the child with any such relative or nonagency guardian in the receiving state.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] S.C. Code Ann. §§ 63-9-2200 to -2290 (2010).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.